UNITED STATES DISTRICT COURT
EASTERN DISTRICT, SOUTHERN DIVISION
OF MICHIGAN

ANDREA SMITH,
Personal Representative of the
Estate of Kelly Snider Smith, Deceased,

        Plaintiff,

v

        Case No: 00-71459
        HON: Avern Cohn
        Magistrate Judge Goldman

BOTSFORD GENERAL HOSPITAL, a Michigan
Non-Profit Corporation,

        Defendant.
_____/

| | |
|---|---|
| MARC LIPTON (P43877)<br>JODY LIPTON (P49001)<br>LIPTON LAW CENTER, P.C.<br>18930 W. 10 Mile Rd. #3000<br>Southfield, MI 48075<br>(248) 557-1688 | LINDA M. GALBRAITH (P30781)<br>JEFF FEIKENS (P42816)<br>Attorneys for Defendant<br>700 First National Bldg.<br>660 Woodward Ave. #700<br>Detroit, MI 48226-3516<br>(313) 962-5909 |
| GEOFFREY N. FIEGER (P30441)<br>FIEGER, FIEGER, KENNEY et al<br>Co-Counsel for Plaintiff<br>19390 W. 10 Mile Rd.<br>Southfield, MI 48075<br>(248) 355-5555 | |

_____/

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT'S
CLAIMS REGARDING "DRIVING WHILE INTOXICATED" AND
INADEQUATE MEDICAL HISTORY**

NOW COMES Plaintiff, by and through her attorney, Marc Lipton, and, pursuant to Fed. R. Evid. 401, 402 and 403, moves in limine to preclude at trial Defendant's claims

1



that the Decedent admitted "driving while intoxicated" and gave an inadequate medical history, stating:

1. Plaintiff alleges in this EMTALA action that Defendant transferred the Decedent before stabilizing his known emergency medical condition.

2. Defendant previously asserted defenses that the Decedent was comparatively negligent and that Plaintiff's claim is barred under M.C.L. 600.2955(a) due to the Decedent's alcohol and cocaine use. On May 28, 2002, the Court issued a memorandum and order granting Plaintiff's motion to strike Defendant's affirmative defenses of contributory/comparative negligence and M.C.L. 600.2955(a). (Ex 1). The order reserved ruling whether alcohol and cocaine use has any relevance, stating that "evidence of Smith's use of alcohol and cocaine <u>may be relevant</u> to establish the known emergency medical condition and whether Botsford personnel stabilized Smith prior to transfer." (Id, p. 6; emphasis added).

3. Plaintiff has also filed motions in limine to preclude evidence of cocaine use and to strike portions of the testimony of Defendant's experts Dragovic and Aranosian. The Court has not yet ruled on these motions.

4. In the proposed pretrial order, Defendant claims that the Decedent admitted alcohol intoxication and gave an incomplete medical history, stating:

> At no time during screening examination or stabilization in anticipation of transfer, did the patient admit to cocaine use or his extensive cardiac history. He did admit to driving while intoxicated. (Proposed pretrial order, p. 3 - Exhibit #2).

2

Defendant also indicates its intent to introduce lab reports regarding alcohol and cocaine. (Id, p. 4). It finally alleges that "the Death Certificate lists the immediate cause of death as pelvic and left femur fractures and identifies dilated cardiomyopathy and morbid obesity as other significant conditions contributing to death." (Id).

5. Defendant's claim that the Decedent admitted "driving while intoxicated" is neither true nor relevant. Defendant's own records show that Mr. Smith did not admit to "driving while intoxicated." Instead, the Decedent notified Botsford personnel that, during the evening, he had consumed "two Long Island ice teas." (Defendant's record – Exhibit #3). This was not an admission of "driving while intoxicated."

Furthermore, this Court's May 28, 2002 order precludes Defendant from making any claim, under theories of comparative negligence or M.C.L. 600.2955(a), that the Decedent was driving while intoxicated. Such an issue of alleged fault is not relevant in this EMTALA action. (5/28/02 memorandum – Exhibit #1). It is also far more prejudicial than probative. Fed. R. Evid. 403.

6. Defendant's claim that the Decedent gave an inadequate medical history by omitting cocaine use or cardiac history is also irrelevant and inadmissible. Fed. R. Evid. 401. The sole EMTALA issues in this case are whether Defendant knew of the Decedent's emergency medical condition and failed to stabilize it before transfer. It is uncontested that Defendant knew of the Decedent's fractured femur and knew this was an emergency medical condition. The Court has also correctly held that "there is a genuine issue of fact as to whether Botsford personnel were aware of the emergency medical condition presented by hemorrhaging associated with Smith's femur fracture." (Memorandum denying

3

summary judgment, p 7).

Plaintiff has never alleged that alcohol toxicity, cocaine toxicity or a cardiac condition constituted emergency medical conditions. Plaintiff's sole claim is that Defendant failed to stabilize the Decedent as he bled to death from his open fracture. Defendant presents no evidence that, had it known that the Decedent previously used cocaine or had some dilated cardiomyopathy, it would have treated the Decedent differently. Defendant also presents no evidence that the Decedent even knew he had some cardiomyopathy. The Decedent's medical history has no bearing on this EMTALA case. It is yet another attempt by Defendant to confuse and prejudice the jury. Fed. R. Evid. 403.

7. Finally, Defendant falsely argues that alcohol, cocaine and cardiomyopathy caused the Decedent's death. Defendant's section of the pretrial order omits the autopsy's clear conclusion that the Decedent's cause of death was "[h]emorrhage from left leg fractures." (Autopsy, p. 1 – Exhibit #4). Defendant's own expert, Dr. Dragovic, repeatedly admits that the Decedent died of blood loss after going into hypovolemic shock due to his femur fracture. (Dragovic dep, pp. 11-13, 27, 42, 49, 70, 74-75 – Exhibit #5). The issue of "cardiomyopathy" is a red herring.

Regarding alcohol, Dragovic offers no opinion how alcohol contributed to the Decedent's hypotension and concedes that "alcohol didn't have any affect on his heart." (Id, pp. 30, 77). Defendant has no evidence that alcohol played any role in the Decedent's death.

Finally, Defendant's attempt to interject the issue of the Decedent's prior cocaine use is spurious. Plaintiff's pending motions in limine to strike evidence of cocaine use and

4

portions of Dragovic and Aranosian's testimony conclusively demonstrates that, like alcohol, cocaine did not cause the decedent's death. To the point of this motion, the Decedent's omission of prior cocaine use from his medical history in no way affected Defendant's ability to identify or treat his emergency medical condition. This evidence is irrelevant, highly prejudicial and must be precluded.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this motion in limine and preclude Defendant's claims that the Decedent admitted to "driving while intoxicated" and gave an inadequate medical history.

Respectfully submitted,

*(signature)*

MARC LIPTON (P43877)
Attorney for Plaintiff
18930 W. 10 Mile Rd. #3000
Southfield, MI 48075
(248) 557-1688

Dated: November 25, 2002
mil/driving while intox

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT, SOUTHERN DIVISION
OF MICHIGAN

ANDREA SMITH,
Personal Representative of the
Estate of Kelly Snider Smith, Deceased,

        Plaintiff,

v                                Case No: 00-71459
                                HON: Avern Cohn
                                Magistrate Judge Goldman

BOTSFORD GENERAL HOSPITAL, a Michigan
Non-Profit Corporation,

        Defendant.
_____/

| MARC LIPTON (P43877) | LINDA M. GALBRAITH (P30781) |
|---|---|
| JODY LIPTON (P49001) | JEFF FEIKENS (P42816) |
| LIPTON LAW CENTER, P.C. | Attorneys for Defendant |
| 18930 W. 10 Mile Rd. #3000 | 700 First National Bldg. |
| Southfield, MI 48075 | 660 Woodward Ave. #700 |
| (248) 557-1688 | Detroit, MI 48226-3516 |
| | (313) 962-5909 |
| GEOFFREY N. FIEGER (P30441) | |
| FIEGER, FIEGER, KENNEY et al | |
| Co-Counsel for Plaintiff | |
| 19390 W. 10 Mile Rd. | |
| Southfield, MI 48075 | |
| (248) 355-5555 | |

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE DEFENDANT'S
CLAIMS REGARDING "DRIVING WHILE INTOXICATED" AND
INADEQUATE MEDICAL HISTORY**

PTON LAW CENTER, P.C.
)30 WEST TEN MILE ROAD
SUITE 3000
)UTHFIELD, MI 48075-2665

ELEPHONE: (248) 557-1688
FACSIMILE: (248) 557-6344

## QUESTIONS PRESENTED

I.   WHETHER DEFENDANT'S CLAIM THAT THE DECEDENT ADMITTED TO "DRIVING WHILE INTOXICATED" IS NEITHER TRUE NOR RELEVANT UNDER THE COURT'S MAY 28, 2002 ORDER.

II.  WHETHER DEFENDANT'S CLAIM THAT THE DECEDENT GAVE AN INADEQUATE MEDICAL HISTORY BY OMITTING PRIOR COCAINE USE AND ALLEGED CARDIOMYOPATHY IS IRRELEVANT TO THE ISSUES IN THIS EMTALA ACTION AND IS INADMISSIBLE.

## CONTROLLING AUTHORITY

Fed. R. Evid. 401-403

ii

## ARGUMENT

### I. DEFENDANT'S CLAIM THAT THE DECEDENT ADMITTED TO "DRIVING WHILE INTOXICATED" IS NEITHER TRUE NOR RELEVANT UNDER THE COURT'S MAY 28, 2002 ORDER.

Defendant's claim that the Decedent admitted to "driving while intoxicated" is not only false, but precluded by the Court's May 28, 2002 order. Instead of admitted to "driving while intoxicated," the Decedent told Defendant that he had consumed two "Long Island ice teas." (Record – Ex ). Even more, in its May 28, 2002 memorandum and order, the Court struck Defendant's affirmative defenses under contributory/comparative negligence and M.C.L. 600.2955(a). (5/28/02 memorandum – Ex ). In doing so, the Court held that any evidence of the Decedent's pre-treatment "fault" is irrelevant and inadmissible in this EMTALA action.

Defendant apparently cannot take an order for an answer. Its continued attempt to interject the Decedent's alleged pre-hospitalization "driving while intoxicated" is frivolous. The Court has already stricken this argument. It is irrelevant an far more prejudicial than probative. Fed. R. Evid. 401 and 403.

### II. DEFENDANT'S CLAIM THAT THE DECEDENT GAVE AN INADEQUATE MEDICAL HISTORY BY OMITTING PRIOR COCAINE USE AND ALLEGED CARDIOMYOPATHY IS IRRELEVANT TO THE ISSUES IN THIS EMTALA ACTION AND IS INADMISSIBLE.

As demonstrated in the attached motion, the Decedent's omission of prior cocaine use or alleged cardiomyopathy has no bearing whether the Defendant knew of the Decedent's emergency medical condition and failed to stabilize it before transfer. This

1

issue is irrelevant, prejudicial and must be stricken. Fed. R. Evid. 401, 403.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this motion in limine and preclude Defendant's claims that the Decedent admitted to "driving while intoxicated" and gave an inadequate medical history.

Respectfully submitted,

*[signature]*

MARC LIPTON (P43877)
Attorney for Plaintiff
18930 W. 10 Mile Rd. #3000
Southfield, MI 48075
(248) 557-1688

Dated: November 25, 2002
mil/brf driving while intox

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT, SOUTHERN DIVISION
OF MICHIGAN

ANDREA SMITH,
Personal Representative of the
Estate of Kelly Snider Smith, Deceased,

        Plaintiff,

v.                            Case No: 00-71459
                              HON: Avern Cohn
                              Magistrate Judge Goldman

BOTSFORD GENERAL HOSPITAL, a Michigan
Non-Profit Corporation,

        Defendant.
_____/

### AFFIDAVIT IN SUPPORT OF MOTION

NOW COMES the undersigned, being first duly sworn, deposes and says:

1. That he is an Attorney at Law and that he is familiar with the facts of the above entitled case.

2. That the contents of the attached Motion are true and accurate to the best of his knowledge, information and belief.

3. That he has sought reasonable concurrence with Linda Galbraith regarding this Motion.

Further Affiant sayeth not.

                                                          MARC LIPTON (P43877)

Sworn to and subscribed before me
this 25th day of November, 2002.

_____
NOTARY PUBLIC

CARRIE M. WILLIAMS
Notary Public, Oakland County, MI
My Commission Expires Jun 19, 2004

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT, SOUTHERN DIVISION
## OF MICHIGAN

ANDREA SMITH,
Personal Representative of the
Estate of Kelly Snider Smith, Deceased,

    Plaintiff,

v          Case No: 00-71459
           HON: Avern Cohn
           Magistrate Judge Goldman

BOTSFORD GENERAL HOSPITAL, a Michigan
Non-Profit Corporation,

    Defendant.

| | |
|---|---|
| MARC LIPTON (P43877) | LINDA M. GALBRAITH (P30781) |
| JODY LIPTON (P49001) | JEFF FEIKENS (P42816) |
| LIPTON LAW CENTER, P.C. | Attorneys for Defendant |
| 18930 W. 10 Mile Rd. #3000 | 700 First National Bldg. |
| Southfield, MI 48075 | 660 Woodward Ave. #700 |
| (248) 557-1688 | Detroit, MI 48226-3516 |
| | (313) 962-5909 |

GEOFFREY N. FIEGER (P30441)
FIEGER, FIEGER, KENNEY et al
Co-Counsel for Plaintiff
19390 W. 10 Mile Rd.
Southfield, MI 48075
(248) 355-5555

_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on a date and time to be determined by this Honorable Court, a hearing will be held on Plaintiff's Motion in Limine to Preclude Defendant's Claims Regarding "Driving While Intoxicated" and Inadequate Medical History.

LIPTON LAW CENTER, P.C.
18930 WEST TEN MILE ROAD
SUITE 3000
SOUTHFIELD, MI 48075-2665

TELEPHONE: (248) 557-1688
FACSIMILE: (248) 557-6344

          Respectfully submitted,

          */s/ Marc Lipton*
          MARC LIPTON (P43877)
          Attorney for Plaintiff
          18930 W. Ten Mile Road
          Southfield, MI 48075
          (248) 557-1688

Dated: November 25, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED