UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA SMITH, Personal Representative
of the Estate of KELLY SNIDER SMITH,

        Plaintiff,

v.                                   Case No. 00-71459

                                   HONORABLE AVERN COHN

BOTSFORD GENERAL HOSPITAL,

        Defendant.

_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO EXTINGUISH APPEAL BOND</u>**
**<u>AND</u>**
**<u>DENYING PLAINTIFF'S MOTION FOR ENTRY OF REVISED JUDGMENT[1]</u>**

I.

This was an action under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA), tried to a jury under Michigan's Wrongful Death Act, M.C.L. § 600.2922. Plaintiff Andrea Smith (Smith), the Executor of the Estate of Kelly Snider Smith, claimed that defendant Botsford General Hospital (Botsford) transferred Kelly Smith to the University of Michigan Medical Center before stabilizing his medical condition in violation of EMTALA.

---

[1] The Court originally scheduled these motions for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. <u>See</u> E.D. Mich. LR 7.1(e)(2).

1

At the conclusion of fifteen days of trial in April 2003, the jury agreed with Smith and returned a verdict for thirty-five thousand dollars ($35,000.00) in economic damages and five million dollars ($5,000,000.00) in non-economic damages for the pain and suffering to Kelly Smith and for the loss of love an companionship to his next of kin; now deceased father and grandmother and surviving sister and grandmother.  The background and issues of the case are described in the Decision on Order Denying Defendant's Motion to Alter or Amend the Judgment, entered February 9, 2004, the Decision on Order Denying Defendant's Motion for Judgment as a Matter of Law, entered February 11, 2004, and the Memorandum on Order Denying Motion for New Trial, entered February 17, 2004.

One of the contested issues during the case was whether Michigan's medical malpractice cap on non-economic damages applied to a claim under EMTALA.

Botsford appealed, rasing several issues, including application of the medical malpractice cap.  The Court of Appeals for the Sixth Circuit affirmed in part, reversed in part and remanded the case.  The Sixth Circuit affirmed the judgment in all respects except for application of the cap.  Specifically, the Sixth Circuit "remand[ed] [the case] for reduction of non-economic damages to $359,000.00 in accordance with Michigan law."  Smith v. Botsford, 419 F.3d 513, 521 (6th Cir. 2005).  Smith filed a petition for rehearing en banc, which was denied on November 22, 2005.  The Supreme Court denied certiorari.

Before the Court is Botsford's Motion to Extinguish Bond on Appeal and Smith's Motion for Entry of Revised Judgment.  For the reasons that follow, Botsford's motion is GRANTED and Smith's motion is DENIED.

II.  Motion to Extinguish Bond on Appeal

Botsford moves to extinguish the bond posted on appeal as it is willing to pay the amount of the judgment in accordance with the remand order from the Sixth Circuit. Smith has not objected.  The bond will be extinguished.

III.  Motion for Entry of Revised Judgment

Smith moves for entry of a revised judgment of $705,061.81, which consists of application of a "higher cap" under M.C.L. § 600.1483 for non-economic damages, plus $35,000.00 in economic damages, costs, and interest.

M.C.L. § 600.1483 caps non-economic damages in the amount of $359,000.00[2] unless one of three exceptions apply in which case damages are capped at a higher amount.  In 2003, this amount was $641,000.00[3]  Smith argues that the exception under (1)(b) applies which states:

> (b) The plaintiff has permanently impaired cognitive capacity rendering him or her incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living.

As such, Smith says it is entitled to entry of a judgment under the higher cap.  In the alternative, Smith requests an evidentiary hearing to determine whether this exception applies.

Botsford says the higher cap does not apply for several reasons: (1) Smith did not request to expand the scope of the remand to consider exceptions to the cap until it

---

[2]The statute actually caps damages at $280,000.00 but this number changes as a result of yearly adjustment.  The 2003 adjustment, applicable at the time of trial, capped damages at $359,000.00.

[3]The current statutory amount is $500,000.00.

3

filing a petition for rehearing which was denied, (2) Smith's requested relief violates the scope of the remand order, (3) Smith's requested relief violates the law of the case doctrine, (4) there is no change in the law that would otherwise warrant deviation form the law of the case doctrine, (5) Smith waived the issue, and (6) the proffered proofs do not establish an exception to the damages cap.

Botsford's arguments are well-taken. Put simply, Smith has waived her rights to raise this issue and it is beyond the scope of the remand. Smith did not raise the issue regarding an exception to the cap until the petition for rehearing en banc. At that time, Smith requested that the scope of the remand be expanded to provide for an opportunity to argue that either the exception under (1)(b) or (1)(a) (paralysis) applied. The Sixth Circuit rejected this request in denying rehearing.[4] Moreover, the Sixth Circuit's remand order is very narrow - it directs the Court to amend the judgment on non-economic damages to apply the damages cap of $359,000.00 The Court has no authority to go beyond this clear directive. To do so would violate both the law of the case doctrine and the mandate rule. Additionally, Smith cites Shinholster v. Annapolis Hospital, 471 Mich. 540 (2004), implicitly indicating that this case presents new law which would justify expanding the scope of the remand. Shinholster, however, was issued during the pendency of the direct appeal. However, Smith cited it for the first time in her petition for rehearing. It is not new law.

Overall, Smith is entitled to entry of a judgment for $35,000.00 in economic damages, $359,000.00 in non-economic damages, costs, and interest.

---

[4]Smith did not raise the exception issue in her petition for certiorari.

The Court will enter the proposed Judgment on Remand in a Civil Action submitted by Botsford unless Smith files objections within five (5) days.

SO ORDERED.

                                          s/Avern Cohn  
                                          AVERN COHN  
                                          UNITED STATES DISTRICT JUDGE

Dated: July 17, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 17, 2006, by electronic and/or ordinary mail.

                                          s/Julie Owens  
                                          Case Manager, (313) 234-5160